UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
RICHARD PERRY, Individually and On Behalf
of All Others Similarly Situated,

                  Plaintiff,

       -against-

                                Civil Case No.

ALBERT KEMPERLE, INC.,

                  Defendant.
_____

## CLASS ACTION COMPLAINT

Plaintiff, RICHARD PERRY, individually and on behalf of all others similarly situated, alleges of his own personal knowledge and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action individually and on behalf of all similarly situated aggrieved former and current sales representative employees of ALBERT KEMPERLE, INC., ["KEMPERLE"] who were subjected to KEMPERLE's violations of commission wage practices and policies mandated by Sections 191,193 and 663 of the New York Labor Law ["NYLL"]. Plaintiff seeks recovery of all unpaid wages and commissions, statutory penalties, liquidated damages, interest, and costs, including reasonable attorney's fees.

## PARTIES

2. Plaintiff, RICHARD PERRY, is a citizen and resident of Stonington, CT 06378.

3. Defendant, ALBERT KEMPERLE, INC. ["KEMPERLE"] is a New York corporation with its principal place of business located in the County of Suffolk at 8400 New Horizons Blvd.

Amityville, NY 11701.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

5. This Court has jurisdiction over Defendant because it is a New York corporation, subject to general jurisdiction in New York and because many of the wrongful acts alleged in this Complaint took place in New York, such that the exercise of jurisdiction by this Court is necessary and proper.

6. This court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

7. Venue is proper in this District under 28 U.S.C. §1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

## STATEMENT OF FACTS

8. KEMPERLE holds itself out as the leading professional distributor of auto Paint, Body, and Equipment including automotive finishes, supplies, tools, and equipment. KEMPERLE is also a supplier to the Commercial, Industrial, Marine, Architectural and Aviation markets, offering multiple products and customer services.

9. As of 2020, KEMPERLE was reported to have 501-1000 total employees across all its locations and generated $132.77 million in annual sales (USD).

10. Plaintiff, RICHARD PERRY, was employed at KEMPERLE from 2005 to January 20, 2021 as a commission sales representative.

11. From 2015 to 2021 Plaintiff was KEMPERLE's Director of Sales for New England and responsible for market development, sales and wholesale distribution of automotive refinishing and related products to the collision repair industry.

12. From 2015 to 2021 Plaintiff's principal activity was selling KEMPERLE goods, wares, merchandise, and services for which he generated earnings based in whole or in part on commissions.

13. From 2015 to 2021 Plaintiff's earnings were based on sixty [60%] percent sales commissions and forty [40%] on base salary.

14. From 2015 to 2021 earnings of all KEMPERLE sales representatives were based in whole or in part on commissions.

15. At all relevant times, sales representatives solicited purchase orders for KEMPERLE goods, wares, merchandise, and services pursuant to agreements performed, governed, and construed under the laws of New York.

16. New York Labor Law, section 191-a provides in pertinent part, as follows:

> (a) "Commission" means compensation accruing to a sales representative for payment by a principal, the rate of which is expressed as a percentage of the dollar amount of wholesale orders or sales.

17. At all relevant times, KEMPERLE uniformly failed and refused to enter into written contracts with any sales representatives, setting forth the method by which sales commissions were to be computed and paid, when and how commissions are earned, what offsets against wages were to be computed, and when commission payments ceased after termination of employment.

18. At all relevant times, KEMPERLE uniformly failed and refused to pay earned commission and all other monies earned or payable to sales representatives, in accordance with the agreed terms of any written contract.

19. At all relevant times, KEMPERLE uniformly failed and refused to enter into written contracts with sales representatives, setting forth the method by which net sales were to be computed and paid.

20. At all relevant times, KEMPERLE uniformly failed and refused to enter into written contracts with sales representatives, setting forth protocols for deductions reducing commissions, based upon : (i) normal and customary quantity and/or cash discounts, including, without limitation, those granted on account of price adjustments, rebates actually allowed and taken, administrative or other fees or reimbursements or similar payments to buying groups, or other institutions, fees paid to other distributors and chargebacks.

21. At all relevant times KEMPERLE uniformly minimized and understated the true commissions earned by Plaintiff and other sales representatives and failed to pay them the true and correct amounts of commissions they actually earned.

22. At all relevant times, KEMPERLE uniformly failed and refused to keep and maintain accurate, complete, and current books and records relating to commissions earned by sales representatives.

23. At all relevant times, upon payment of commission to sales representatives, KEMPERLE uniformly failed and refused to provide sales representatives with a detailed and accurate breakdown of the customer sales used to calculate the commission as well as any credit, discount, allowance or set-off taken by KEMPERLE or applied against sales representative commissions.

24. At all relevant times, KEMPERLE exercised unilateral discretion to reduce commission payments and deviate from, modify, cancel and/or replace any term or condition or method of computation of commissions without specifying such actions in a written agreement signed by sale representatives uniformly and retroactively.

25. At all relevant times, despite widespread and persistent complaints by sales representatives that their commission payments were insufficient, inaccurate, and miscalculated, KEMPERLE failed to engage independent certified public accountants to audit the Company's books and records pertaining to commissions.

26. At all relevant times, KEMPERLE uniformly underpaid Plaintiff and other sales representatives by fraudulently reducing their commissions based upon enhanced, fictitious and/or fabricated discounts, rebates, shipping charges, chargebacks, price adjustments, uncollected accounts, and bad debts.

## CLASS ALLEGATIONS

27. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

28. Plaintiff brings this action in his individual capacity and on behalf of all others similarly situated.

29. Plaintiff seeks to represent the following Class and Sub-Classes:

[a] All current and former employees of ALBERT KEMPERLE, INC., who during the period April 2015 to present ["limitations period"] performed work as commission sales representatives and received commissions.

[b] All current and former employees of ALBERT KEMPERLE, INC., who during the period April 2015 to present performed work as commission sales representatives and received

commissions for purchase orders secured for Kemperle goods, wares, merchandise, and services pursuant to agreements performed, governed, and construed under the laws of New York.

[c]     All current and former employees of ALBERT KEMPERLE, INC., who during the period April 2015 to present performed work and were paid commissions as sales representatives, but never entered into a written contracts with Kemperle, setting forth the method by which sales commissions were to be computed and paid, when and how commissions are earned, what offsets against wages were to be computed, and when commission payments ceased after termination of employment.

30.     Plaintiff is a member of the Classes he seeks to represent.

31.     Plaintiff seeks damages pursuant to Sections 191,193 and 663 of the New York Labor Law, the applicable wage, and hours law under which he and putative class members worked. Class certification for these state law claims is appropriate under Rule 23(a) and Rule 23(b) (3) because all the requirements of the Rules are met.

32.     The Class is so numerous that joinder of all members is impractical.  Upon information and belief, there are at least 150 members in the Class.  While the exact number and identities of class members are unknown at this time, such information is in the possession of KEMPERLE and can be ascertained through appropriate discovery.

33.     There are questions of law and fact common to the Classes.

34.     The named Plaintiff's claims are typical of those of the putative Class members. Plaintiffs' claims encompass the challenged commission wage practices and policies practices and course of conduct of KEMPERLE. Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members.  The legal issues as to which NYLL

commission wage practices are violated by such conduct apply equally to Plaintiff and the putative class members.

35. The named Plaintiff will fairly and adequately protect the interests of the Class. The Plaintiff's claims are not antagonistic to those of the putative Class, and he has hired competent counsel skilled in the prosecution of class actions.

36. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

37. To conduct this action as a class action under FRCP Rule 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member, and maximizes recovery to them.

## FIRST CLAIM FOR RELIEF
### (INDIVIDUAL CLAIM –NYLL §§ 191 [a-c], 193)

38. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

39. Plaintiff's principal activity as an outside sales representative was to act in a field sales role responsible for both direct client contract value retention as well as growth through contract expansion and the introduction of new products and services. The territory for this role included specific major client accounts and carried an annual sales quotas of contract value.

40. KEMPERLE paid Plaintiff an annual base salary, direct sale commissions and an over-ride on commissions earned by other sales representatives under the supervision of Plaintiff.

41. Once a commission is earned, it is legally considered "wages" under the New York Labor Law and subject to all other provisions of the Labor Law regarding payment of wages.

42. Once earned, commissions are considered wages and deductions are limited to those permitted by Section 193 of the New York Labor Law.

43. KEMPERLE violated New York Labor Law §§191 by failing to create a writing, signed by both the employer and the Plaintiff, setting forth a description of how wages, salary, commissions, and all other monies earned and payable shall be calculated.

44. KEMPERLE violated New York Labor Law §§191 by failing to create a writing, signed by both the employer and the Plaintiff, setting forth details pertinent to payment of wages, commissions and all other monies earned and payable in the case of termination of employment by either party.

45. KEMPERLE failed to keep and maintain accurate, complete, and current books and records relating to commissions earned by Plaintiff.

46. KEMPERLE failed to keep and maintain accurate, complete, and current books and records relating to commissions earned by sales representatives who worked under Plaintiff and from whom he received earned commissions.

47. KEMPERLE minimized and understated the true commissions earned by Plaintiff and failed to pay him the true and correct amount of commissions he actually earned.

48. KEMPERLE minimized and understated the true commissions earned by sales representatives who worked under Plaintiff and from whom he received override commissions.

49. KEMPERLE failed to pay Plaintiff the true and correct amount of commissions he directly and actually earned.

50. KEMPERLE failed to pay the true and correct amount of commissions earned by sales representatives who worked under Plaintiff and from whom he received override commissions.

51. KEMPERLE failed to provide Plaintiff with detailed and accurate breakdowns of the customer sales used to calculate his direct and override commissions as well as any credit, discount, allowance or set-off taken by KEMPERLE or applied against such commissions.

52. KEMPERLE unilaterally, repeatedly and retroactively reduced Plaintiff's direct and override commission payments and deviated from, modified, cancelled and/or replaced terms, conditions, or methods of computation of commissions without specifying such actions in a written agreement signed by Plaintiff.

53. KEMPERLE consistently failed to pay earned commissions to Plaintiff within the time restrictions imposed by the NYLL.

54. KEMPERLE terminated Plaintiff's employment on January 20, 2021. KEMPERLE has failed and refused to pay Plaintiff all commissions earned and due before the termination.

55. KEMPERLE has failed and refused to pay Plaintiff all commissions earned, but not becoming due until after the termination.

56. As a proximate result of all of the foregoing, KEMPERLE is liable to Plaintiff for all unpaid wages and unpaid earned direct and override commissions from April 21, 2015 to January 20, 2021, together with interest thereon, in such amounts to be determined at trial.

57. As a proximate result of all of the foregoing, KEMPERLE is liable to Plaintiff for double damages pursuant to NYLL §191 [c][3].

58. As a proximate result of all of the foregoing, Plaintiff is entitled to an award of reasonable attorney's fees, court costs, and disbursements pursuant to NYLL §191 [c][3].

## SECOND CLAIM FOR RELIEF
### (Individual Claim-New York Labor Law §663)

59. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

60. As a result of KEMPERLE's unlawful business practices, as above described, Plaintiff received wages from KEMPERLE in an amount less than the wages that he actually earned.

61. Pursuant to NYLL §663, Plaintiff is entitled to recover the amount of any such underpayments, interest, and costs, including reasonable. attorney's fees.

## THIRD CLAIM FOR RELIEF
### (Class Claims –NYLL §§191[a-c], 193)

62. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

63. KEMPERLE violated New York Labor Law §§191 by failing to create a writing, signed by both the employer and each putative class member, setting forth a description of how wages, salary, commissions, and all other monies earned and payable shall be calculated.

64. KEMPERLE violated New York Labor Law §§191 by failing to create a writing, signed by both the employer and each putative class member, setting forth details pertinent to payment of wages, commissions and all other monies earned and payable in the case of termination of employment by either party.

65. KEMPERLE failed to keep and maintain accurate, complete, and current books and records relating to commissions earned by each putative class member.

66. KEMPERLE minimized and understated the true commissions earned by each putative class member and failed to pay them the true and correct amount of commissions they actually earned.

67. KEMPERLE failed to pay each putative class member the true and correct amount of commissions he/she actually earned.

68. KEMPERLE failed to provide each putative class member with detailed and accurate breakdowns of the customer sales used to calculate his/her commissions as well as any credit, discount, allowance or set-off taken by KEMPERLE or applied against such commissions.

69. KEMPERLE unilatera1ly, repeatedly and retroactively reduced each putative class member's commission payments and deviated from, modified, cancelled and/or replaced terms, conditions, or methods of computation of commissions without specifying such actions in a written agreement signed by each putative class member.

70. KEMPERLE consistently failed to pay earned commissions to each putative class member within the time restrictions imposed by the NYLL.

71.. As a proximate result of all the foregoing, KEMPERLE is liable to putative class members for all unpaid wages and unpaid earned direct and override commissions from April 21, 2015 to January 20, 2021, together with interest thereon, in such amounts to be determined at trial.

72. As a proximate result of all the foregoing, putative class members are entitled to an award of reasonable attorney's fees, court costs, and disbursements pursuant to NYLL §191 [c][3].

### FOURTH CLAIM FOR RELIEF
### (Class Claim-NYLL§ 663)

73. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

74. As a result of KEMPERLE's unlawful business practices, as above described, putative class members received wages from KEMPERLE in an amount less than the wages that they actually earned.

75. Pursuant to NYLL §663, putative class members are entitled to recover the amount of any such underpayments, interest, and costs, including reasonable. attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and damages as follows:

(a) An order certifying this action as a class action under Rule 23, defining the class as requested herein, appointing the undersigned as Class Counsel, and finding that Plaintiff is a proper representative of the Class.

(a) Judgment individually, on the FIRST CLAIM for all unpaid wages and unpaid earned direct and override commissions from April 21, 2015 to January 20, 2021, together with interest thereon, in such amounts to be determined at trial; double damages pursuant to NYLL §191 [c][3].

(c)     Judgment individually, on the SECOND CLAIM for all unpaid earned wages as of the date of termination, pursuant to New York Labor Law §663.

(d)     Judgment on a Class basis, on the THIRD CLAIM, for all unpaid wages and unpaid commissions from April 2015 to present date, together with interest thereon, in such amounts to be determined at trial.

(e)     Judgment on a Class basis, on the FOURTH CLAIM for all unpaid earned wages as of the date of termination, pursuant to New York Labor Law §663.

(f)     Judgment granting Plaintiff and the Class an award of reasonable attorney's fees, court costs, and disbursements pursuant to NYLL §6191 [c][3].

(g)     Such other and further relief as this Court may deem just and proper.

Dated: April 28, 2021

BLAU, LEONARD LAW GROUP, LLC

By: *[signature]*
Steven Bennett Blau (SB4063)
Shelly A. Leonard (SL4139)
23 Green Street, Suite 105
Huntington, NY 11743
(631) 458-1010
sblau@blauleonardlaw.com
sleonard@blauleonardlaw.com

--- and--

BROWN PAINDIRIS & SCOTT, LLP
Bruce E. Newman (BN6424)
747 Stafford Avenue
Bristol, CT 0601
Tel: (860) 583-520
Fax: (860)589-5780
bnewman@bpslawyers.com

*Attorneys for Plaintiff*